OPINION OF THE COURT
BECHTLE, District Judge.
In this appeal from a redetermination by the Tax Court, the issues presented are: (1) whether funds received by the taxpayers[1] from R. H. Jamison, Jr. (“Jamison”), were loans rather than gifts; and, (2) whether the taxpayers realized taxable gain in the form of cancellation of indebtedness upon surrender of their stock in the Grant County Coal Corporation (“Grant County”) in complete satisfaction of their nonrecourse obligations, which were secured solely by the stock, even though at the time of surrender the stock had a value less than the value of the nonrecourse obligations. For the reasons stated below, we conclude that the funds received by the taxpayers from Jamison were loans rather than gifts and that the taxpayers realized taxable gain when their Grant County stock was surrendered to Jamison in complete satisfaction of their nonrecourse obligations. However, we agree with taxpayers Robert K. and Jane H. Conrad (“Conrads”) that no penalty should be imposed for failure to recapture previously claimed investment credits. Accordingly, we will affirm the decision of the Tax Court on all issues, except the imposition of a penalty pursuant to 26 U.S.C. § 6653(a), which shall be stricken.
The facts of this case are reported fully in Millar v. Commissioner, 540 F.2d 184 (3d Cir. 1976), wherein we remanded to the Tax Court for an initial determination of the issues presented in this.appeal. Upon remand, the Tax Court decided that the funds were received in the form of a loan and that the taxpayers had realized taxable gain. The taxpayers appeal both of those determinations.
We find no reason to disturb the Tax Court’s determinations. First, upon receipt of the funds from Jamison, the taxpayers executed nonrecourse demand notes which bore an interest rate of five and one-half percent and which were secured solely by the taxpayers’ Grant County stock. The taxpayers claimed their pro rata share of the interest payments on these notes when calculating their federal income taxes for the years 1964 through 1966. The taxpayers then executed an assignment of their stock to Jamison, who in turn assigned the shareholders’ notes and stock assignments to the Mellon National Bank and Trust Company of Pittsburgh (“Mellon Bank”) as additional security on a $500,000 loan previously secured by Jami-son. Finally, on January 27, 1967, after Grant County had filed a petition to reorganize under Chapter 11 of the Bankruptcy Act, each taxpayer signed an acknowledgment that Jamison had demanded payment on the notes and, no payments having been received, had foreclosed upon their Grant County stock. The formalities undertaken by the taxpayers upon receipt of the funds *214 from Jamison and the activities engaged in by them in connection with the funds clearly support the Tax Court’s determination that the funds received from Jamison by the taxpayers were loans rather than gifts.
Second, in finding that the taxpayers realized taxable income when their Grant County stock was surrendered to Jamison in complete satisfaction of their nonrecourse obligations, the Tax Court relied upon the Supreme Court’s holding in Crane v. Commissioner of Internal Revenue, 331 U.S. 1, 67 S.Ct. 1047, 91 L.Ed. 1301 (1947), that: (1) the basis of property subject to a mortgage includes the amount of the mortgage, even though the owner of the property assumes no liability on the mortgage debt; and (2) when such property is sold, the “amount realized” includes the amount of the unassumed mortgage. The taxpayers, on this appeal, argue that the Tax Court erred when it determined that they had realized taxable gain as a result of the foreclosure and surrender of the stock, because the value of the stock surrendered was less than the value of the note foreclosed upon. In support of their arguments, the taxpayers rely exclusively upon footnote 37 of the Crane opinion, wherein the Supreme Court said:
Obviously, if the value of the property is less than the amount of the mortgage, a mortgagor who is not personally liable cannot realize a benefit equal to the mortgage. Consequently, a different problem might be encountered where a mortgagor abandoned the property or transferred it subject to the mortgage without receiving boot. That is not this case.
Crane v. Commissioner of Internal Revenue, supra, 331 U.S. at 14, n.37, 67 S.Ct. at 1054. We must determine, therefore, whether footnote 37 of Crane creates an exception to the principal holding of Crane which would relieve the taxpayers of the otherwise taxable consequences of this exchange. We find that it does not and that the reasoning and analysis of the Crane opinion squarely sustain the imposition of tax liability in this case.
In Crane v. Commissioner of Internal Revenue, supra, the taxpayer, as the sole beneficiary of her deceased husband, acquired depreciable property in the form of an apartment building and lot which, at the time of acquisition, was subject to a mortgage upon which the taxpayer was not personally liable. As of the date of the inheritance, the property was appraised for federal estate tax purposes at a value exactly equal to the total amount of this encumbrance. During the time that the taxpayer owned the property, she reported the gross rentals as income and claimed deductions for taxes, operating expenses, interest paid on the mortgage and for the physical exhaustion of the building. Seven years after acquiring the property, the taxpayer sold the property to a third party for $3,000 cash, subject to the mortgage and paid $500 expenses of sale. She thereafter reported a taxable gain of $1,250.
In calculating the tax liabilities resulting to the taxpayer as a result of this sale, the Supreme Court held, inter alia, that the amount of the mortgage was properly included in the amount realized for purposes of computing the gain or loss resulting therefrom. §§ 111(a), (b) of the Revenue Act of 1938, as amended, 26 U.S.C. §§ 1001(a), (b) (1954).[2] Thus, in Crane, the gain realized by the taxpayer as a result of the sale was not only the cash receipts, but also the principal amount of the mortgage subject to which the property was sold, less the adjusted basis of the property. Crane v. Commissioner of Internal Revenue, su *215 pra, 331 U.S. at 11, 13-14, 67 S.Ct. 1047, § 113(b) of the Revenue Act of 1938, as amended, 26 U.S.C. § 1011. In so ruling, the Supreme Court noted that:
The crux of this case, really, is whether the law permits her to exclude allowable deductions from consideration in computing gain. We have already showed that, if it does, the taxpayer can enjoy a double deduction, in effect, on the same loss of assets. .
Crane v. Commissioner of Internal Revenue, supra, 331 U.S. at 15-16, 67 S.Ct. at 1055 (footnote omitted).
While the facts of the instant case are distinguishable from those in Crane, the principal reasoning of the Supreme Court in reaching its determination applies equally well to the facts of the case before us. In this case, the taxpayers’ basis in the Grant County stock received from Jamison was equal to their costs, which was zero. 26 U.S.C. § 1012. The loan funds received by the taxpayers from Jamison increased the basis in their respective stock by the amount of the total money each contributed to Grant County’s capital, for a total tax basis of $245,000. 26 U.S.C. § 1016. This basis of $245,000 was reduced by the amount of the interest and net operating loss deductions claimed by the taxpayers, which resulted in a total adjusted basis in the stock of $39,492 by the end of 1966. The total outstanding nonrecourse indebtedness of the taxpayers, which for the taxpayers before us amounted to $245,000, thus exceeded the total adjusted basis in the stock by $205,508. The Commissioner determined that the surrender of stock, in exchange for the cancellation of the nonre-course obligation which resulted from the foreclosure, amounted to a gain to the taxpayers in the amount of $205,508, or the amount by which the value of the nonre-course obligation satisfied by the foreclosure exceeded the adjusted basis of the stock. 26 U.S.C. §§ 1001(a), (b). In calculating this gain, the Commissioner relied upon Crane, supra, to find that the amount realized by the taxpayers upon this exchange included the value of the nonrecourse obligation, even though the taxpayers were not personally liable for that obligation.
This finding is totally in keeping with the spirit and reasoning of Crane. While not personally liable upon the loan from Jamison, the taxpayers utilized those funds to increase the basis of their stock, which then permitted them to claim sizable deductions calculated against that basis. See 26 U.S.C. §§ 163, 1374(a), (b). Having substantially reduced the adjusted basis of their stock in this manner and thereafter surrendering their devalued stock in exchange for the cancellation of their indebtedness, the taxpayers clearly realized taxable gain equal to the value of the cancelled obligation, less the adjusted basis of their surrendered stock. A finding that the taxpayers did not realize gain as a result of this exchange, after having realized the full economic benefit of this transaction, would entitle them to the type of double deductions of which the Supreme Court so clearly disapproved in Crane.
Footnote 37, if taken literally, might furnish support for the taxpayers’ argument that the Supreme Court carved out an exception in the Crane holding in circumstances where the value of the property surrendered or exchanged is less than the value of the nonrecourse obligation which is satisfied. However, this Court declines to accept a literal reading of that footnote as the principal basis upon which this case should be decided. This disinclination is intended not as a determination that the footnote has little or no value in the analysis of the instant case, but rather as a conclusion that, in the analysis of this problem, the footnote should be evaluated in the proper context. First, it must be remembered that the footnote in Crane was dictum. Furthermore, the footnote was but a postulate or hypothetical observation with respect to a hypo-theticál set of facts hot before the Court and, indeed, involving a clearly different time and clearly different legal circumstances. Viewed in that perspective, we believe that the rationale of the Supreme Court’s principal reasoning, analysis and holding in Crane is more clearly the measure by which the transaction sub judice *216 should be decided. Thus, applying Crane to the facts of the case before us, it is clear that the transaction resulted in taxable gain to the taxpayers by reason of the inclusion of the nonrecourse obligation in the calculation of basis as well as the amount realized when computing the presence or absence of gain resulting to the taxpayers from the foreclosure of the notes and surrender of the stock. Accordingly, we will sustain the findings of the Tax Court on this issue.
Finally, although we affirm the Tax Court’s determination that the previously claimed investment credits were subject to recapture, pursuant to 26 U.S.C. §§ 38, 48(e), we find that the record does not justify imposition of a penalty upon the Conrads pursuant to 26 U.S.C. § 6653(a). We cannot find that, in light of the complex issues and confusion resulting from the bankruptcy of Grant County, note foreclosure and stock surrender, the record supports a finding that the Conrads’ failure to recapture the investment credits previously claimed by them was due to negligence or intentional disregard of tax rules and regulations.
The Order of the Tax Court will be affirmed on all issues except the imposition of a penalty pursuant to 26 U.S.C. § 6653(a), which shall be stricken.

. Four of Grant County’s original shareholders are not parties to this appeal. Hereinafter, the term “shareholder” shall refer to all of Grant County’s original shareholders, and the term “taxpayer” only to the shareholders involved in this appeal.

. Section 111 of the Revenue Act of 1938, as amended, 26 U.S.C. § 1001 (1954), states, in pertinent part:
(a) Computation of gain or loss. — The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.
(b) Amount realized. — The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.