**In re Russell Alvin ROSEN, Debtor.**

**Bankruptcy No. 81–00476.**

United States Bankruptcy Court,
D. South Carolina.

Oct. 15, 1982.

82

Charles S. Bernstein, Bernstein & Manos, P.A., Charleston, S.C., for debtor.

Kevin Campbell, Ackerman, Woodward & Campbell, Walterboro, S.C., trustee.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

### ISSUE

The issue is whether the compensation requested by the attorney for the debtor as an administrative expense is reasonable and should be allowed in the amount requested.

### FACTS

Russell Alvin Rosen (the debtor) filed a petition for relief under Chapter 13 of the Bankruptcy Code (11 U.S.C. § 1301, *et seq.*) on April 1, 1981. No plan was confirmed.

On August 5, 1981, on the motion of the debtor, the case was converted to a case under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701, *et seq.*). Kevin Campbell is the trustee in the Chapter 7 case.

At the final meeting of creditors in the Chapter 7 case, the trustee objected to the allowance, as an administrative expense, of the compensation requested in the amount of $3,300—itemized as follows—by the attorney for the debtor:

| DATE | ACTIVITY | HOURS |
|---|---|---|
| 11/14/80 | Research on Chapter 13 proceedings; review of list of accounts and statement of living expenses; conference with Russell and Eileen | 4.00 |
| 12/31/80 | Initial conference; opening of file | 1.50 |
| 3/6/81 | Conference with clients | 4.00 |
| 3/13/81 | Work on compilation of information and forms | 2.50 |
| 3/18/81 | Conference with client; review of papers | .75 |
| 3/23/81 | Work on plan | .50 |
| 3/24/81 | Draft of Complaint to avoid lien | .25 |
| 3/27/81 | Final review of plan | .50 |
| 4/1/81 | Telephone call from creditor | .25 |
| 4/15/81 | Telephone conference with SCN long distance | .25 |
| 5/12/81 | Meeting with client; preparation for meeting of creditors | 1.00 |
| 5/14/81 | Initial meeting of creditors | 2.00 |
| 5/18/81 | Service of Petition to set aside lien; preparation of amended plan; letter to Trustee | 1.00 |
| 7/1/81 & 7/3/81 | Attendance at hearing (2) and proposed order | 6.00 |
| 7/29/81 | Conference with client and appearance at Court; re: conversion from Chapter 13 to Chapter 7 | 2.00 |
| 8/25/81 | Appearance at preliminary hearing | 1.00 |
| 9/9/81 | Research and preparation of petition re: heat pump | 1.00 |
| 9/17/81 | Extended conference with Russell, Yetta and Mark Andrews | 1.00 |
| 9/28/81 | Heyward Johnson – represents finance company who has lien on heat pump; telephone conference | .25 |
| 10/15/81 | Objection to form of appeal and notice of additional documents; research on automatic stay | 1.00 |
| 11/6/81 | Conference w/Mark Andrews, attorney for Nathan Rosen estate | 1.00 |

| DATE | ACTIVITY | HOURS |
|------|----------|-------|
| 2/1/82 | Receipt of Trial Brief of Appellant; preparation for hearing | 1.00 |
| 2/2/82 | Appearance at Appeal hearing; report to client | 1.00 |
| | General handling, telephone calls | 5.00 |
| | | 38.75 hrs |

In his application the attorney for the debtor stated that:

\* \* \* since March of 1981, counsel and other members of his firm have performed services for the Debtor. That this matter originally started out as a Chapter 13 Petition and was eventually converted into a Chapter 7 case. That the matter has been complicated by reason of the number of creditors involved and the particular difficulty involved in preparing schedules of liabilities and assets by reason of the nature of the assets. That counsel has, in this matter, filed a petition to Set Aside a Lien as interfering with the Debtor's homestead exemption. That a full adversary proceeding was had on that matter. That this Honorable Court requested briefs from counsel. That this Honorable Court did further ask counsel to submit a proposed Order. That this Honorable Court did rule in favor of Petitioner. That the Defendant in the action did appeal the matter and counsel prepared a brief and appeared before the Honorable Sol Blatt, Jr. on the appeal.

## DISCUSSION

11 U.S.C. § 503(b)(2) states:

After notice and a hearing, there shall be allowed, administrative expenses, \* \* including—\* \* \* (2) compensation and reimbursement awarded under section 330 of this title.

The legislative history of subsection (b) of 11 U.S.C. § 503 indicates that the "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered *after the commencement of the case* \* \* \* are allowable as administrative expenses." (Emphasis added). H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 355 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6311.

Under 11 U.S.C. § 330(a)(1):

\* \* \* the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any para-professional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under this title \* \* \*.

In holding that § 330(a)(1) is a point of reference—not a controlling determinant—in the determination of "reasonable compensation" in a bankruptcy case, the court in *In re R.C. Sanders Technology Systems, Inc.,* 21 B.R. 40 (Bkrtcy.D.N.H.1982) opines that:

Bankruptcy estates are to be administered as economically as possible and at the lower end of the spectrum of reasonableness. There is inherent a 'public interest', that must be considered in awarding fees. The rates for similar services in private employment, particularly the fees prevailing in the area or district involved, is one element, among others, in that balance. The test of reasonableness and the aim of economy of administration are always the prime concern of the court in determining the amount to be allowed counsel, accountants, and other professionals retained in the liquidation of bankrupt estates or reorganization cases where the plan of arrangement is finally confirmed. In determining the value of these services, the court considers the time spent, the intricacy of the problems involved, the size of the estate, the opposition met, and the results achieved. The court may consider its own knowledge and 36 years of experience concerning

reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to their value. *What is reasonable is a question of fact and there is no precise measure of reasonableness.* (Emphasis added).

*Id.* at 43.

*In re Erewhon, Inc.,* 21 B.R. 79, 81 (Bkrtcy.D.Mass.1982) puts it this way:

Clearly, in the area of fees there are no explicit yardsticks. As was stated *In re TMT Trailer Ferry, Inc.,* 577 F.2d 1296, 1304 (5th Cir.1978), 'the court, either trial or appellate, is itself an expert on the question (of attorneys' fees) and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value.'

While evaluating hours and hourly rates would appear to be an objective task, a first assumption is made that there exists an exact knowledge of the time a particular task did and should take. Fee determination cannot just be a fixed rate times a number of hours, but rather must be a consideration of the overall fairness and reasonableness of the fee under all of the circumstances. *Lund v. Affleck,* 587 F.2d 75 (1st Cir.1978).

The legislative history of sections 503 and 330 reflects that those sections refer to compensation for services rendered by *"officers of the estate".* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 329–330 (1977). (Emphasis added).

Even though the attorney for the debtor is an "officer of the estate", he is not a court-appointed officer; and therein lies a distinction in the treatment of the allowance of his compensation.

Court appointed officers are entitled to a reasonable compensation whether or not their services produce any benefit to the estate. *In re Food Town, Inc.,* 208 F.Supp. 139, 145 (D.Md.1962). There is no question, however, that the success of

their endeavor is an extremely important factor in considering the amount to be awarded. Unlike court-appointed officers, the attorney for the debtor is only entitled to compensation to the extent the services rendered present a benefit to the estate. *In re Webb & Knapp, Inc.,* 363 F.Supp. 423, 426 (S.D.N.Y.1973).

*In re Aldersgate Foundation, Inc.,* 10 B.R. 910, 917 (Bkrtcy.M.D.Fla.1981).

Although compensation of debtor's attorneys was generally governed by the postulate that in order for services of such an attorney to be compensable, they should benefit the administration of the estate, no such showing of benefit was required of officers, such as trustees, and their attorneys. Such officers were entitled to reasonable compensation for loyal and disinterested services whether or not a definite benefit was conferred on the estate.

The weight of the authority under the Act was in favor of limiting compensability to services rendered in assisting debtors in performing their legal duties rather than exercising their legal privileges. Thus one court stated: "The allowance to the bankrupt's attorney ordinarily covers only work done in promoting the administration of the estate and in assisting the bankrupt to perform his duties, such as drafting and filing the petition, drafting and filing the schedules, attendance at the first meeting, and other services in furtherance of the winding up of the proceedings." [1] *The Code makes no changes in this regard.* Services of a debtor's attorney which were compensable under the Act should be entitled to compensation under section 330. (Emphasis added)

2 *Collier on Bankruptcy* ¶ 330.04 at 330–13–14 (15th ed. 1979).

The factors which courts should consider when determining fee allowances have been stated variously. Some courts have considered twelve factors when determining

---

1.  *In re Evenod Perfumer, Inc.,* 4 F.Supp. 916, 917 (S.D.N.Y.1933), *aff'd* 67 F.2d 878 (2nd Cir.),

*cert. denied* 291 U.S. 71, 54 S.Ct. 455, 78 L.Ed. 1060 (1933).

reasonable attorney's fee awards: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal services properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) The experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717–19 (5th Cir.1974).

The factors set out in *Johnson* have been applied to determine reasonable attorney's fee awards in bankruptcy cases. *See, Blake v. Doyle (In re Doyle-Lunstra Sales Corp.),* 19 B.R. 1003 (D.S.D.1982); *In re Foster Iron Works,* 3 B.R. 715 (S.D.Tex.1980); *In re Georgia Steel, Inc.,* 19 B.R. 834 (Bkrtcy.M. D.Ga.1982); *In re James Calvin Belk Construction Co.,* 11 B.R. 56 (Bkrtcy.N.D.Miss. 1981); *In re Garland Corp.,* 8 B.R. 826 (Bkrtcy.D.Mass.1981).

Condensing the aforementioned twelve factors into the following three categories is helpful in determining attorney's fee allowances in bankruptcy cases:

(1) *The Quantity Factor.* The foundation of any fee award is the documented time spent performing specific legal services and the attorney's customary billing rate for those services. (2) *The Quality Factor.* The court should evaluate the quality of advocacy required and delivered by bankruptcy counsel under all the circumstances of the case, including the novelty and difficulty of the issues presented, the skills called for, time constraints, and counsel's personal qualifications. (3) *The Result Factor.* This factor looks to the bottom line: the amount recovered for the estate and its creditors.

Butenas, *Establishing Attorney's Fees Under the New Bankruptcy Code,* 87 Comm. L.J. 237, 238 (May 1982).

Although nothing has been shown which "would call for extraordinary know-how" in this case (*See, In re R.C. Sanders Technology Systems, Inc.,* 21 B.R. 40 (Bkrtcy.D.N.H. 1982)), the court does not question the quantity or quality of the work performed in this case by the attorney for the debtor; nevertheless, in the determination of the reasonableness of his fee application, the result factor required special attention.

As to the role of the "result factor" in the determination of the reasonableness of the attorney's fees it has been noted that:

The main aim of bankruptcy, apart from a fresh start for the debtor, is a "ratable distribution of the maximum realizable cash to creditors." That is the ultimate standard against which the attorney's success or failure should be judged.

Thus, a substantial recovery for the estate, together with a reasonable relation between the amount of the fee requested and the size of the recovery, argues for the appropriateness of the fee requested. Conversely, it is fantasy for an attorney to claim a relatively high fee for unexceptional work, resulting in a modest recovery for the estate.

Butenas, *Establishing Attorney's Fees Under the New Bankruptcy Code,* 87 Comm. L.J. 237, 241 (May 1982), quoting Lavien, J., *A Public Relations Problem with Regard to Fees and a Suggested Remedy,* 81 Comm. L.J. 504, 509 (Dec.1976).

Aside from the attorney's preparing and filing the debtor's petition for relief under Chapter 13 and the debtor's petition to convert the Chapter 13 case to a Chapter 7 case, the attorney's attendance at the meetings of creditors in the Chapter 13 case and the Chapter 7 case, and his associate's attendance at the final meeting of creditors, there is a dearth of evidence to support the fee application insofar as evincing any benefit to the Chapter 13 or Chapter 7 estates.

The statements of the attorney for the debtor—those made in court as well as those shown in the file in the case—indicate that the bulk of the legal services were rendered in connection with the debtor's Chapter 13 case, the debtor's lien avoidance

action, and the appeal. Since the Chapter 13 case was converted to Chapter 7, the efforts of the attorney for the debtor in the Chapter 13 case resulted in little benefit to the creditors so as to entitle the attorney for the debtor to payment as administrative expenses for all of the services rendered by him in the Chapter 13 case.

Of the items appearing on the applicant's bill, none seems to have been rendered for the benefit of the administration of the Chapter 7 estate, and none was performed on the request of the Chapter 7 trustee who stated that "It certainly seems that * * * a goodly portion of the claim would not be for anything which benefitted the estate as such, and, therefore, should not be allowed as a priority claim."

■ Legal services rendered to benefit the debtor personally should not be paid out of the estate as an administrative expense. *See, Soteres v. Scroggins (In re Orbit Liquor Store),* 439 F.2d 1351, 1354 (5th Cir. 1971); *In re Eastwood,* 239 F.Supp. 847 (D.Or.1965).

The claims for administrative expenses (including the claim of the attorney for the debtor), the priority taxes, and the unsecured debts total $59,110.81, while the amount available for payment of these claims is $17,100. If the claim of the attorney for the debtor is allowed in full, as an administrative expense, only $7,658.57 would be available for payment of the unsecured claims without priority, which total $49,669.38.

■ The burden of establishing the reasonableness of the fee rests upon the party making the request. *In re Hamilton Hardware Co.,* 11 B.R. 326 (Bkrtcy.E.D.Mich. 1981).

## CONCLUSION

■ The attorney for the debtor has not sustained his burden of establishing the reasonableness of his fee application. Nevertheless, bearing in mind the modest payment which will be made to the creditors of the estate, all of the referenced facts, the evidence, the record, the court's experience

in fixing fees, and the attorney's burden of proof, the court concludes that a reasonable fee to be allowed to the attorney for the debtor in the Chapter 13 and Chapter 7 cases is Seven Hundred Fifty ($750) Dollars, and it should be treated as a § 503(b)(2) administrative expense.

AND IT IS SO ORDERED.