**In re Isaac O. MORGAN, Bonnie G. Morgan, Debtors.**

**Bankruptcy No. 84–AX–1559.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

April 1, 1985.

Richard Labovitz, Baltimore, Md., for debtors.

Thomas Lackey, Upper Marlboro, Md., Chapter 13 trustee.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This matter is before the court for review of the compensation to counsel for the debtors in this Chapter 13 proceeding. Even in the absence of objection, the setting of fees is a matter of grave concern to the court. The court's review is guided by the unambiguous provisions of the Bankruptcy Code and Rules. See 11 U.S.C. §§ 329 and 330; Bankruptcy Rule 2017. These provisions are premised on the need for and the appropriateness of judicial scrutiny of fee arrangements between debtor and attorney in order to protect creditors and debtors against overreaching by an officer of the court standing in an advantageous position to impose upon both. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 329 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6285, reprinted in Bkr-L Ed, LEGISLATIVE HISTORY § 82.16, p. 339 (1979). At the same time, the Bankruptcy Reform Act of 1978 has brought bankruptcy practice into the twentieth century. "If that case [which set an arbitrary limit on fees payable by requiring fees to be determined based on notions of conservation of the estate and economy of administration] were allowed to stand, attorneys that could earn much higher incomes in other fields would leave the bankruptcy arena." Id. at pp. 339–40. See In re Beverly Crest Convalescent Hospital, Inc., 548 F.2d 817 (9th Cir.1976, as amended 1977).

In discussing the allowance of administrative expenses, it has been noted:

A request for administrative expenses, unlike a proof of claim, is not "deemed allowed" in the absence of an objection and does not constitute *prima facie* evidence of the validity and amount of the request.

With respect to requests for attorney's fees, the applicant has the burden of establishing the reasonableness of the request. In re Rosen, 25 B.R. 81 (Bkrtcy.D. SC 1982); In re Investment Bankers, Inc., 30 B.R. 883 (Bkrtcy.D. CO 1983); In re Art Shirt Ltd., Inc., 30 B.R. 318 (Bkrtcy. ED PA 1983); and In re Underground Utilities Construction Company, Inc., 13 B.R. 735 (Bkrtcy. SD FL 1981). Furthermore, the Court has the duty to examine the reasonableness of attorney's fees even in the absence of an objection. In re Hamilton Hardward Co., Inc., 11 B.R. 326, 7 B.C.D. 963 (Bkrtcy. ED MI 1981); In re Darke, 18 B.R. 510, 8 B.C.D. 1059 (Bkrtcy. ED MI 1982); and In re Penn Fruit Co., Inc., 26 B.R. 81 (Bkrtcy. ED PA 1982).

In re B & W Tractor Company, Inc., 38 B.R. 613, 616–17, 10 C.B.C. 2nd 791, 795 (E.D.N.C.1984).

Section 329 of the Code empowers the court to cancel and order the return of any

compensation for services rendered or to be rendered in contemplation of or in connection with a case "[i]f such compensation exceeds the reasonable value of such services." 11 U.S.C. § 329(b). The Fourth Circuit has provided guidelines for trial courts in fixing fees, enumerating the twelve factors traditionally considered but always pointing out that "the starting point for determining the appropriate amount of the award is found by multiplying the number of hours reasonably expended on the case by the reasonable or customary hourly rate." *Arnold v. Burger King Corp.*, 719 F.2d 63, 67 (4th Cir.1983) (*citing Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.1978); *Allen v. Burke*, 690 F.2d 376, 379 (4th Cir.1982); *Anderson v. Morris*, 658 F.2d 246, 248–49 (4th Cir.1981)).[1]

■ Often the task of fixing fees is made difficult by the failure of counsel to submit adequate documentation to justify the compensation sought or received. Adequate documentation * consists of

(1) a description of each particular service;

(2) the subject matter of the service;

(3) the day, month, and year the service was rendered;

(4) the time spent providing the service;

(5) the individual performing the service; and

(6) the rate for such service.

Generalities are not helpful. It is not enough to state "telephone call to creditor." The creditor must be identified and the subject of the conversation disclosed. Travel time should be separated out from court time. Rounding off in tenths of an hour is preferred. If more than one service is performed at one time, each should be identified, if possible. Normally, photocopies of time sheets are not acceptable.

■ From the record, the court is unable to find that this case involved any unusual points of law or extraordinary services. While it is true that the fees were agreed

---

1. While the 12 factor review is controlling in this circuit, a simpler approach has been suggested by the South Carolina Bankruptcy Court in *In re Rosen*, 25 B.R. 81 (BC S.C.1982). In reviewing a fee charged in a Chapter 7 case, the court focused the inquiry:

> Condensing the aforementioned twelve factors into the following three categories is helpful in determining attorney's fee allowances in bankruptcy cases:
> (1) *The Quantity Factor.* The foundation of any fee award is the documented time spent performing specific legal services and the attorney's customary billing rate for those services. (2) *The Quality Factor.* The court should evaluate the quality of advocacy required and delivered by bankruptcy counsel under all the circumstances of the case, including the novelty and difficulty of the issues presented, the skills called for, time constraints, and counsel's personal qualifications. (3) *The Result Factor.* This factor looks to the bottom line: the amount recovered for the estate and its creditors.
> Butenas, *Establishing Attorney's Fees Under the New Bankruptcy Code*, 87 Comm.L.J. 237, 238 (May 1982).

25 B.R. at 85; *see also, In re Watson Seafood & Poultry Co., Inc.*, 40 B.R. 436, 439 (BC E.D.N.C. 1984) for a statement of the procedure for applying the 12 factors.

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Court

passed on the award of counsel fees to a prevailing party under 42 U.S.C. § 1988. Speaking for the Court, Justice Powell opined:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94–1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

* Perhaps the most helpful records in this court have been submitted by Samuel Greenbaum, Esquire, of the Washington, D.C. bar. His statements reflect in general the nature of the work done. The individual entries set out clearly and concisely the individual unit charged for.

upon prior to filing, debtors are in a weak, submissive negotiating position at that point and vulnerable to overreaching. It is unlikely that they have had any comparable experiences in their lives by which they might intelligently evaluate the fees requested. Furthermore, most consumer bankruptcies in this Division are filed on the eve of a foreclosure or other cataclysmic event. At that time, debtors do not have the opportunity to shop and act as reasonably informed consumers. If they did, they would find competent attorneys located within this Division who would handle a matter such as this for fees ranging from $250 up.

Referring to the 12 factors traditionally considered by the courts, *see Arnold v. Burger King Corp.*, 719 F.2d at 67, fn. 4, the court notes as follows:

1. *The time and labor expended:* See the attached statement of charges submitted by applicant. The court may question the necessity for the time said to be spent. Some tasks such as filling out schedules, filing papers, and the like need not be done by counsel.

2. *The novelty and difficulty of the questions raised:* Nothing in this record indicates that this was anything other than an ordinary Chapter 13 case. Any objection was capable of resolution without extensive negotiation or litigation.

3. *The skill required to properly perform the legal services rendered:* No more than an average degree of skill is required to perform the work in most Chapter 13 proceedings.

4. *The attorney's opportunity costs in pressing the instant litigation:* This is not a factor.

5. *The customary fee for like work:* Work involving divorce proceedings, probate, and small business counseling commands compensation on a scale ranging from $40 to $150 per hour. Work involving Chapter 7 or Chapter 13 bankruptcy cases should be similarly compensated. The range of fees in this area is discussed later in this opinion.

6. *The attorney's expectations at the outset of litigation:* Where counsel is paid prior to the beginning of the case, there is not likely to be any contingency factor whatsoever. Where counsel is paid out of plan payments on a priority basis, there is a little more risk. If counsel agreed under § 1322(a)(2) to be treated as an unsecured creditor, the court would be inclined to increase counsel's compensation on that account alone. The court is much impressed with the procedure followed in the Middle and Eastern Districts of North Carolina, where the debtor's counsel is paid a percentage of the amount paid into the plan.

7. *The time limitations imposed by the client or circumstances:* Bankruptcy proceedings are most often filed in exigent circumstances. The initial petition and accompanying papers are therefore designed to require only about twenty minutes to prepare.

8. *The amount in controversy and the results obtained:* In most cases, the work of debtor's counsel is over once the Chapter 13 Plan is confirmed. Completion of the plan payments by the debtor provides the extraordinary relief of 11 U.S.C. § 1328, but this extraordinary relief is the work of Congress and not counsel.

9. *The experience, reputation and ability of the attorney:* Even though the attorney in this case handles numerous Chapter 13 proceedings in this court, such ability does not command a premium, other than that permitted by the economics of processing numerous cases.

10. *The undesirability of the case within the legal community in which the suit arose:* Not applicable.

11. *The nature and length of the professional relationship between attorney and client:* Generally not applicable.

12. *Attorneys' fee awards in similar cases:* The range of Chapter 13 compensation in this jurisdiction has run from zero,

**152**

such as when services are provided *pro bono* by the Montgomery County Bar Association, to one extraordinary award in excess of $10,000 that covered services from 1980 through 1983 and massive litigation. Many cases are handled in the $300 to $500 range, some in the range of $500 to $1,000, and a few in the area of $1,000 to $2,000 where extraordinary factors are present.

In reaching its conclusion as to the determination of the amount of fees to be awarded, the court draws upon its own knowledge and experience. In *In re B–M–G Investment Co. v. Continental/Moss Gordin, Inc.*, 437 F.2d 892, 893 (5th Cir. 1971), the court held:

> [A]ppellate courts, as trial courts, are themselves experts as to the reasonableness of attorneys' fees, and may, in the interest of justice, fix the fees of counsel albeit in disagreement on the evidence with the views of the trial court. *Mercantile-Commerce B. & T. Co. v. S.E. Arkansas L. Dist.*, 8 Cir., 1939, 106 F.2d 966, 972–973. Also, in *Campbell, et al. v. Green*, 5 Cir., 1940, 112 F.2d 143, this court observed that:
>
>> "The court, either trial or appellate, is itself an expert on the question (of attorneys' fees) and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid or testimony of witnesses as to value."

This conclusion has been repeated several times in cases such as *Matter of TMT Trailer Ferry, Inc.*, 577 F.2d. 1296, 1304 (5th Cir.1978); *In re Erewhon, Inc.*, 21 B.R. 79, 81, 9 B.C.D. 288 (BC Mass.1982); *In re International Coins & Currency, Inc.*, 26 B.R. 256, 262, 7 CBC 2d 780 (BC Vt.1982).

In view of the factors discussed above as applied to this case, the court finds that the reasonable value of the services performed by counsel for the debtor is $650.00. The court will issue an order in accordance with this memorandum.