**In re Dona–Leigh COURTOIS, Debtor.**

**Bankruptcy No. 97–2–4592–DK.**

United States Bankruptcy Court,
D. Maryland,
Greenbelt Division.

July 6, 1998.

David E. Lynn, Docter, Docter & Lynn, P.C., Chevy Chase, MD, for Applicant.

Thomas L. Lackey, Bowie, MD, Chapter 13 Trustee.

### MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

This matter is before the court pursuant to the Application for Allowance and Payment of Interim Attorneys' Fees and Costs, filed by counsel for the Debtor, David E. Lynn of Docter, Docter & Lynn, P.C. ("Lynn"), on April 9, 1998. No objections thereto have been filed.

Recently, this court has had to address the issue of establishing reasonable compensation for debtor's counsel in a routine Chapter 13 bankruptcy case in another matter involving the same law firm.[1] A review of the present fee application leads this judge to the same conclusion that was reached by another member of this court, that is, such an ordinary Chapter 13 case does not merit such an exorbitant fee as requested by counsel.

### I. Introduction

This Chapter 13 bankruptcy case was filed on December 23, 1997, by Dona–Leigh Courtois, the individual Debtor herein. At the time the petition was filed, Debtor submitted

---

1. *In re Houston,* No. 97–1–0250–PM (Bankr. D.Md. May 5, 1998) (Order Setting Amount of Attorneys' Fees and Expenses).

her Statement of Financial Affairs pursuant to 11 U.S.C. § 521, reporting that she had paid Lynn $1,160.00 on December 17, 1997, for counsel's bankruptcy services. Also accompanying Debtor's petition was counsel's Statement Pursuant to Rule 2016(b), disclosing that Debtor had agreed to pay Lynn for legal representation at counsel's hourly rates. The statement also indicated that, prior to the filing of the case, Debtor had remitted $1,160.00 to Lynn, and that an unknown balance was due. Lynn listed the services rendered or, to be rendered in contemplation of, or in connection with this bankruptcy as: "(a) Analysis of the financial situation, and rendering advice and assistance to the client in determining whether to file a petition under Title 11, U.S.C. (b) Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court. (c) Representation of the client at the first meeting of creditors." Finally, Lynn would be paid from Debtor's earnings, wages, and compensation for services performed,[2] and Lynn would not share any such payments received from Debtor with any entity outside counsel's firm.

Debtor's Chapter 13 Plan was confirmed at a hearing held before this court on March 24, 1998. Pursuant to the confirmed plan, Debtor is to pay $123.00 per month into the plan for 36 months. Any priority payments required by 11 U.S.C. § 507 will be paid first out of the monthly plan payment. Payments to the two creditors whose claims are secured by Debtor's one-quarter interest in a condominium and an automobile lien, respectively, are to be made outside of the plan, as is the secured claim of the Internal Revenue Service. There are no known arrearages on the secured debts, and the secured creditors shall retain their liens against Debtor's property until the secured claims are paid. Finally, subsequent to the payments to the priority creditors, the plan provides for a pro rata distribution out of the monthly plan

payment to approximately ten unsecured creditors with claims totaling $165,531.34.

Lynn subsequently filed a fee application on April 9, 1998, requesting allowance of compensation for services performed by counsel and reimbursement of costs. No objections to the application have been filed. In his application, Lynn requests approval of a fee in the amount of $4,212.00, plus expenses totaling $200.21, for the period of October 15, 1997, through March 31, 1998. Lynn reports that he performed 21.6 hours of services at his customary hourly rate of $195.00. With respect to a retainer in the amount of $1,160.00 received by counsel at the inception of this bankruptcy case, Lynn asks that such retainer be applied to the fees and expenses requested. Additionally, Lynn has reported that he has taken a voluntary reduction of $421.20, "in light of the limited amount of funds available to Debtor to fund her plan." Thus after application of the retainer and the discount, the balance of the requested fee and expenses would be $2,831.01.[3]

In paragraphs 3 and 4 of the application, Lynn describes the challenges encountered and services provided in this bankruptcy case as:

3. The Debtor's case posed several challenges for counsel. In the course of extensive divorce litigation and dealing with the Internal Revenue Service, the Debtor had accumulated substantial records which had to be reviewed to determine their impact, if any, on her potential bankruptcy. In the course of the divorce, the Circuit Court for Prince George's County had appointed a domestic relations trustee to take control of and sell the couple's joint assets, which included several parcels of real estate. Review of the records of that trustee was required in order to advise the Debtor how to proceed and in order to accurately prepare her bankruptcy schedules and statement of affairs. Counsel was required to coordinate

---

2. Debtor's earnings, wages, and compensation are property of the Chapter 13 bankruptcy estate. 11 U.S.C. § 1306(a)(2).

3. The total requested compensation and reimbursement (after discount) of $3,991.01 equals

71% of all monies funded and to be funded in this case ($1,160.00 retainer plus $4,428.00 in plan payments). The balance due after retainer $2,831.01 equals 64% of all monies to be paid into the plan.

with the Debtor's tax counsel, domestic relations trustee and, to a lesser extent, divorce counsel. Finally, counsel was required to respond to concerns raised by the Debtor's Chapter 13 trustee. Those concerns were resolved, resulting in confirmation of the Debtor's Chapter 13 plan on March 24, 1998.

4. Services provided by counsel are described in detail in the time records attached to this motion.

## II. Analysis

■ Although counsel to the debtor in a Chapter 13 case is not a professional for the estate whose employment requires prior approval by the court, and fees paid by the debtor do not require prior approval by the court, the bankruptcy court has the " 'express power to review payments to attorneys for excessiveness' " pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rule 2017. *In re Walters*, 868 F.2d 665, 667 (4th Cir.1989) (quoting *In re Martin*, 817 F.2d 175, 180 (1st Cir.1987)).[4] Moreover, as noted by one court:

'Beyond possessing the power, we think the bankruptcy court has a *duty* to review fee applications, notwithstanding the absence of objections ... a duty which the Code does not expressly lay out but which we believe derives from the court's inherent obligation to monitor the debtor's estate and serve the public interest.'

*In re Yates*, 217 B.R. 296, 300 (Bankr. N.D.Okla.1998) (emphasis supplied) (quoting *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir.1994)). *See also In re Morgan*, 48 B.R. 148, 149 (Bankr.D.Md.1985) ("Even in the absence of objection, the setting of fees is a matter of grave concern to the court"); *In re B & W Tractor Co., Inc.*, 38 B.R. 613, 617 (Bankr.E.D.N.C.1984) ("[T]he Court has the duty to examine the reasonableness of attorney's fees even in the absence of an objection") (citations omitted).

Such duty to independently review professional fee applications in Chapter 13 cases becomes a particularly important supervisory function of the court when "neither debtors nor most creditors have an incentive to object to [attorney's] fees." *Yates*, 217 B.R. at 300. As recognized by Collier:

Section 329 of the Bankruptcy Code is an example of the bankruptcy court's traditional concern for the need to scrutinize carefully the compensation paid to the debtor's attorney. Courts have long recognized that the debtor is in a vulnerable position and is highly dependent on its

---

4. Section 329 of the Bankruptcy Code provides:
§ 329. Debtor's transactions with attorneys.
(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
 (1) the estate, if the property transferred—
 (A) would have been property of the estate; or
 (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
 (2) the entity that made such payment.
11 U.S.C. § 329.
Additionally, Federal Rule of Bankruptcy Procedure 2017 provides:

Rule 2017. Examination of Debtor's Transactions with Debtor's Attorney
(a) Payment or Transfer to Attorney Before Order for Relief. On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property of the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.
(b) Payment or Transfer to Attorney After Order for Relief. On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

attorney and therefore will be reluctant to object to the fees of the attorney. In order to prevent overreaching by an attorney, and provide protection to creditors, section 329 requires that an attorney submit a statement of compensation to be paid to enable the court to determine if the fees are reasonable. Thus, section 329 establishes "an important and valuable process that is statutorily mandated to insure that only reasonable, necessary, beneficial professional services and fees are charged against and paid by a prospective or pre-petition debtor in bankruptcy."

3 Lawrence P. King et al., *Collier on Bankruptcy* ¶ 329.01, p .329–4 to –5 (15th ed. rev.1998) (footnotes omitted).

 This court does require prior court approval of attorney's fees which are to be paid postpetition from the estate and which are charged on an hourly basis, or in excess of a flat fee disclosed in counsel's disclosure filed under Bankruptcy Rule 2016(b).[5] In addition the court by separate Order may require counsel to justify a flat fee disclosed on counsel's Rule 2016(b) disclosure, if it appears excessive under 11 U.S.C. § 329. The attorney requesting compensation from the bankruptcy estate bears the onus of demonstrating to the court that the services performed and fees incurred were reasonable. *In re Rosen*, 25 B.R. 81,. 86 (Bankr.D.S.C. 1982) (citation omitted). The bankruptcy court may determine whether the requested fees are reasonable based upon its considerable background in such matters, *In re Copeland*, 154 B.R. 693, 699 (Bankr.W.D.Mich. 1993) (citation omitted), and, should the court conclude that the fees requested are exorbitant and/or unreasonable, the court may properly make certain deductions.

 In calculating appropriate fee awards, the court generally considers twelve factors, or "lodestar" principles, *Harman v. Levin*, 772 F.2d 1150 (4th Cir.1985), which principles are routinely considered in Chapter 11 cases. Although this court may not always require a lodestar analysis to be filed by counsel in Chapter 13 cases, given the relatively substantial size of the requested award to be paid from the estate in this Chapter 13 case, the court will consider the lodestar principles in its review of the requested fee.

(1) *Time and labor expended.* In examining Lynn's fee application, it appears that Lynn assisted Debtor in analyzing her financial situation and in reaching her decision to file bankruptcy; prepared Debtor's petition, schedules, financial affairs statement, plan, and other required documents; and finally, represented Debtor at the first meeting of creditors and before this court at the confirmation hearing. Although Lynn was required to liaise with Debtor's domestic relations trustee, divorce counsel, and tax counsel with respect to certain domestic and tax matters, the case was a relatively routine and simple one. No adversary proceedings were brought against or on behalf of Debtor; no motions were filed by or against Debtor; and no creditor sought relief from stay. Moreover, Debtor neither filed any objections to claims, nor filed any amendments to her schedules, petition, financial affairs statement or plan. The file contains fewer than 100 pages, and there are fewer than twenty creditors listed in this bankruptcy case. In sum, Lynn was faced with a minimum number of possible projects presented by a Chapter 13 case, and was required to attend a minimum number of hearings.

(2) *Novelty and difficulty of questions raised.* Although Lynn was required to consult with other counsel on various domestic and tax issues involving Debtor, as well as review a number of records pertaining to such issues, it appears that Lynn easily obtained the necessary information and quickly resolved most issues by telephone conferences and written correspondence.

---

**5.** 11 U.S.C. § 330(a)(4)(B) provides:

In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

(3) *Skill required to properly perform legal services rendered.* Ordinary skill was required.

(4) *Preclusion of other employment.* Not applicable.

(5) *Customary fee for like work.* There is no standard fee which the court will impose in a Chapter 13 case. Nonetheless, in light of the court's extensive experience in reviewing disclosure statements filed by counsel pursuant to Bankruptcy Rule 2016(b) in thousands of Chapter 13 cases,[6] the court takes cognizance of what the average amount of compensation is in this metropolitan area for an uncomplicated Chapter 13 case.[7] It is against such a measure that the court examines the specific fees requested by Lynn for the specific services rendered in this case. In reviewing the instant fee application, Lynn has revealed no extraordinary circumstances encountered and no projects undertaken which are uncommon to the large majority of Chapter 13 cases, which might merit fees beyond those customary fees charged by most counsel in this marketplace for routine Chapter 13 cases.

(6) *Whether fee is fixed or contingent.* It is stated in both Debtor's financial affairs statement and in counsel's disclosure statement that Lynn received a prepetition payment of $1,160.00 from Debtor, and that Lynn would also be compensated by Debtor on an hourly basis.

(7) *Time limitations imposed.* The court is not aware of any express time limitations imposed. Lynn had reasonable time to prepare Debtor's filings. Debtor first consulted with Lynn on October 15, 1997, approximately two months before initiating bankruptcy.

(8) *Amount in controversy and results.* This case deals with a total of $413,588.62 in debt. Lynn was successful in securing confirmation of Debtor's Chapter 13 Plan on March 24, 1998.

(9) *Experience, reputation, and ability of attorney.* Lynn routinely represents debtors before this court.

(10) *Undesirability of case.* Not applicable.

(11) *Nature and length of professional relationship with client.* Not applicable.

(12) *Attorney fee awards in similar cases.* In similar Chapter 13 cases, the court has denied compensation in excess of that amount that the court has deemed to be reasonable.[8] Here, the compensation requested does exceed the reasonable value of the services rendered.

### III. Conclusion

Upon consideration of Lynn's request and accompanying statements of fees and expenses, and in light of the factors discussed above as applied to this case, the court finds that the applicant has not demonstrated that the fees requested are reasonable under the particular circumstances of this case. An ordinary Chapter 13 case which required only a minimal effort on the part of Debtor's counsel to achieve a successful reorganization does not warrant the exorbitant fee requested by Lynn. Moreover, in light of the significant amount of debt owed to creditors and "the limited amount of funds available to the Debtor to fund her plan," which has been clearly recognized by Lynn, it is beyond this court's comprehension as to how Debtor can afford to pay such immoderate counsel fees. Even Lynn's voluntary reduction of 10% of his total fee requested is insufficient.

Debtor initially paid Lynn $1,160.00 in compensation for legal services rendered. The court will not reduce that amount under

---

**6.** Approximately 7,000 Chapter 13 cases have been adjudicated by this judge in four years.

**7.** This court has recently remarked that "[f]ees are now in the range of $600.00 to $1,200.00, and some as high as $1,500.00. A few extraordinary [Chapter 13] cases command still higher fees." *In re Robinson,* No. 96–1–9411–PM, 1997 WL 470110, at *1 (Bankr.D.Md. Aug. 6, 1997). *See also In re Breeden,* 180 B.R. 802, 813 (Bankr. N.D.W.Va.1995) ("[t]he fee customarily charged by attorneys regularly practicing before it for a [similar Chapter 13] case ... ranges from $800 to $1,500"); *In re Roffle,* 216 B.R. 290, 296 (Bankr.D.Colo.1998) (the reasonable fee for debtors' counsel in two "routine, 'vanilla' Chapter 13 cases," where complex or novel legal issues were absent, was a fee of $1,200.00 for each case).

**8.** *See, e.g., In re Houston,* No. 97–1–0250–PM (Bankr.D.Md. May 5, 1998) (Order Setting Amount of Attorneys' Fees and Expenses).

11 U.S.C. § 329. However, the court determines that the reasonable value of the specific services performed by Lynn for Debtor in this Chapter 13 case does not exceed that amount and consequently will deny any further fees pursuant to 11 U.S.C. § 330(a)(4)(B). The court will allow the requested reimbursement of expenses in the amount of $200.21. The court will issue an order in accordance with this memorandum.