**In the Matter of Gregory MALEWICKI, Debtor.**

**Bankruptcy No. BK91–40958.**

United States Bankruptcy Court, D. Nebraska.

March 31, 1992.

Clay Statmore, Lincoln, Neb., for debtor.

Kathleen Laughlin, Omaha, Neb., Chapter 13 Standing Trustee.

Patricia Dugan, Omaha, Neb., U.S. Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this Chapter 13 case, debtor's counsel, Mr. Clay Statmore, requests allowance of $1,750.00 in compensation under a flat fee agreement. The application is denied because the compensation sought is unreasonable.

## CONCLUSIONS OF LAW

Bankruptcy Code §§ 329 and 330, and Fed.R.Bankr.P. 2016(a), govern fee applications of attorneys. Under § 330, attorneys are to be allowed:

reasonable compensation for actual, necessary services rendered ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title....

■ Several federal circuit courts of appeal have applied a "lodestar analysis" in determining "reasonable compensation" under § 330. *See In re Boddy*, 950 F.2d 334, 338 (6th Cir.1991); *In re Manoa Finance Co., Inc.*, 853 F.2d 687, 690 (9th Cir.1988); *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1257 (5th Cir.1986); *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir.1985). I conclude that the lodestar analysis is appropriately applied in determining reasonable compensation of counsel under Code §§ 329, 330.

■ Under a lodestar analysis, the starting point for considering a fee application is to determine a reasonable hourly rate and the reasonable amount of time expended. By multiplying the reasonable hourly rate by the time expended, one arrives at the lodestar sum. The twelve factors enumerated by the Fifth Circuit Court of Appeals in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), may be considered in determining reasonable compensation. *See In re McCombs*, 751 F.2d 286 (8th Cir.1984); *Bess v. Bess*, 929 F.2d 1332, 1335 n. 6 (8th Cir.1991). The factors enumerated in *Johnson* are as follows:

1. The time and labor required;
2. The novelty and difficulty of the questions;
3. The skill requisite to perform the legal service properly;
4. The preclusion of other employment by the attorney due to the acceptance of the case;
5. The customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or the circumstances;
8. The amount involved and the results obtained;
9. The experience, reputation, and ability of the attorneys;
10. The "undesirability" of the case;
11. The nature and length of the professional relationship with the client; and
12. Awards in similar cases.

*Johnson*, 488 F.2d at 717–19.

■ In determining reasonable compensation under § 330, the court must calculate the lodestar amount and use it as a centerpiece for evaluation in light of the factors enumerated in the *Johnson* decision. There is some conceptual problem in application of the *Johnson* factors. Arguably the trial court should consider the factors in calculating the lodestar amount. Under this method, the lodestar amount is, by definition, reasonable compensation. Alternatively, the *Johnson* factors can be applied in evaluating whether compensation in the amount of the lodestar is reasonable. It really makes no difference whether the *Johnson* factors are applied in arriving at the lodestar amount or applied after

a lodestar amount is calculated. However, the *Johnson* factors should, obviously, only be applied once. For clarity, I will analyze fee applications by calculating a general lodestar using a reasonable hourly rate multiplied by actual time expended. I will then apply the *Johnson* factors to determine reasonable compensation under § 330.

■ Four additional points should be made about compensation under § 330. First, attorney fee applications in Chapter 13 cases are subject to the same statutory and regulatory requirements as are applications in other cases. Although there are some unique aspects of Chapter 13 cases, there is no basis in the Bankruptcy Code or the Bankruptcy Rules for suggesting that the standards for allowance of fees under § 330 are different in Chapter 13 than in other cases. Code § 330 applies in Chapter 7, 11, 12 and 13 with equal force. *See* § 103(a), *In re Paul*, 100 B.R. 38 (Bkrtcy. D.Colo.1989), *Cf. In re Reed*, 890 F.2d 104, 105 (8th Cir.1989) (court found no merit to suggestion that a distinction be drawn between fee applications in Chapter 7 and Chapter 11 cases.)

■ Second, attorney fees paid from the bankruptcy estate should be allowed only to the extent that the estate is benefitted. If legal services benefit only the debtor, the fees are not compensable from the bankruptcy estate, but remain the personal obligation of debtor. *See, In re Reed*, 95 B.R. 626 (Bkrtcy.E.D.Ark.1988), *aff'd.* 890 F.2d 104 (8th Cir.1989) (services in dischargeability proceedings not generally compensable from the bankruptcy estate). In a no-asset Chapter 13 case, where unsecured creditors are paid nothing, the legal services provided in connection with the case are of little benefit to the estate. No-asset, zero payment cases are quite common in Nebraska, and they almost exclusively benefit debtor, debtor's counsel, and the Chapter 13 Trustee. Debtor receives the protection of the automatic stay under § 362, the ability to write down secured claims to collateral value under § 506 and the comprehensive discharge under § 1328. Debtor's counsel gets paid fees from debtor's future earnings. The trustee receives

a percentage fee under 28 U.S.C. § 586. These zero payment, no-asset cases pay nothing to unsecured creditors. The entire case serves little purpose except to permit deferred payment of attorney fees. If a debtor does not have $500.00 to $700.00 in cash, Chapter 7 is not a possible alternative because debtor's counsel must be paid before filing a Chapter 7 bankruptcy case. Due to the limited benefit of legal services to the estate in no-asset, zero payment Chapter 13 cases, attorney compensation from the estate should be limited. However, even in a case where unsecured creditors are paid nothing, the legal services of debtor's counsel provide some benefit to the estate as Chapter 13 avoids piecemeal litigation under state law and debtor's disposable income is subject to payments to creditors for the life of the plan. See Code § 1329.

■ Third, attorneys in Chapter 13 cases must keep time records. If an attorney fee application is litigated, the applicant must prove that the fees sought are reasonable. *See* e.g., *In re Grimes*, 115 B.R. 639 (Bkrtcy.D.S.D.1990). The court must engage in the lodestar analysis which entails judicial consideration of services rendered and time expended. *See, Matter of Fulton*, 80 B.R. 1009 (Bkrtcy.D.Neb. 1988). If time records are not kept, counsel will not be able to sustain their burden of proof or to file a detailed fee application under Fed.R.Bankr.P. 2016. The fact that § 328(a) contemplates that the court may approve retention of a professional on any reasonable terms including a retainer, on an hourly basis, or on a contingency fee basis, does not relieve counsel from the obligation to maintain records of time expended and services rendered. *In re Land*, 138 B.R. 66 (D.Neb.1992). As recently stated by the Sixth Circuit Court of Appeals in regard to a Chapter 13 attorney fee application: "At minimum, however, the bankruptcy courts must expressly calculate the lodestar amount when determining reasonable attorney fees." *In re Boddy*, 950 F.2d 334, 338 (6th Cir.1991).

■ Fourth, bankruptcy courts are no longer bound by pre-Bankruptcy Code no-

tions of frugality and economy in fixing fees. Bankruptcy courts should award fees commensurate with fees allowed in other areas of practice, thus providing counsel economic incentive to provide services in bankruptcy cases. *In re McCombs*, 751 F.2d 286 (8th Cir.1984).

In considering the factors enumerated in the *Johnson* decision, in the context of Chapter 13 cases, a number of generalizations can be made.

1. *The Time and Labor Required.* Chapter 13 consumer cases are relatively simple. As noted by Judge Lundin:

> The normal approach—reasonable hourly rate multiplied by hours necessarily expended—breaks down in Chapter 13, especially in high volume Chapter 13 practice. Some of the best Chapter 13 debtors' attorneys operate computerized offices with specialized paralegals who manage a large volume of Chapter 13 cases very efficiently. Two hours of attorney time, and the like number of hours of paralegal time in an experienced debtors' attorney's office can produce excellent results in a "typical" Chapter 13 case. Another lawyer who irregularly handles Chapter 13 cases might invest eight or ten hours to produce the same, or less desirable results. Keith M. Lundin, *Chapter 13 Bankruptcy* § 7.28, at 7–55 (1990).

Chapter 13 consumer cases are not complex. Legal services are similar in each case and standardized forms may be extensively used. An attorney can easily delegate work to a paralegal. Business Chapter 13 cases often involve more complex issues.

2. *The Novelty and Difficulty of Questions.* Novel or difficult questions of law are rare in consumer Chapter 13 cases.

3. *The Skill Requisite to Perform the Legal Service Properly.* Bankruptcy is a specialized area of practice. Even consumer bankruptcy cases involve complex federal bankruptcy laws and related state laws. If expertise is lacking, a great deal of time is required to adequately represent a debtor in a Chapter 13 case.

4. *The Preclusion of Other Employment by the Attorney due to Acceptance of the Case.* The acceptance of employment in a Chapter 13 case is a long term commitment. Legal services may be required over the life of the plan, usually 36 months minimum.

5. *The Customary Fee.* Compensation paid to debtor's counsel in Nebraska Chapter 13 cases over the past 3 years is summarized in the Appendix which was prepared by the Chapter 13 Standing Trustee. During the first eleven months of 1991, the average fee for debtor's counsel was $1,040.00 in cases assigned to Lincoln, Nebraska; $1,083.00 in cases assigned to Omaha, Nebraska; and $1,409.00 in cases assigned to North Platte, Nebraska. North Platte cases generally involve more travel time for counsel than do Omaha or Lincoln cases, but the amount of the differential may be hard to justify.

6. *Whether the Fee is Fixed or Contingent.* In Nebraska Chapter 13 cases, counsel typically charge a fixed or flat fee, most of which is paid under the plan from future wages. It is common for debtors to default under plans in which case deferred attorney's fees may not be paid. If unforeseen litigation develops during the case, the effective hourly rate is reduced as additional time is expended.

7. *Time Limitations Imposed by the Client or the Circumstances.* Debtor's counsel has little control over the case because creditors may take the initiative with motions to dismiss, for relief from stay, and for adequate protection. Debtor's counsel must always react within the time limits imposed by the court. The cases can be very demanding of debtor's counsel.

8. *The Amount Involved and the Results Obtained.* The amount of debt in Chapter 13 cases is relatively small. When attorney fees are paid from property of the estate, the "results obtained" must be considered from the view point of the bankruptcy estate. The result achieved is beneficial to the extent, among other things, that unsecured creditors are paid more

than they would be paid in a Chapter 7 liquidation. If unsecured creditors are paid nothing or only a nominal amount, this factor weighs in favor of limiting attorney compensation from the estate.

9. *Experience, Reputation, and Ability of Attorneys.* Experienced attorneys in bankruptcy matters provide services on a much more cost effective basis than can inexperienced attorneys. The more experienced, skilled attorney should be compensated at a higher hourly rate than the inexperienced attorney. The total compensation to each, however, in connection with the same type of case, should be about the same.

10. *Awards in Similar Cases.* See discussion under item 5 above, and the Appendix.

## DISCUSSION

The Motion to Allow Interim Fees in this case seeks allowance of a flat fee of $1,750.00. The court provided counsel an opportunity to submit evidence in support of the motion.

Having considered the Motion to Allow Interim Fees, the affidavit filed by the Chapter 13 Standing Trustee, the affidavits filed by the applicant, and having reviewed the file in this bankruptcy case including the Chapter 13 plan and bankruptcy schedules and statement of affairs, I conclude that compensation in this case should be allowed in the amount of $950.00.

The applicant states that 7 hours of attorney time and 2.25 hours of paralegal time have been provided. I conclude that reasonable compensation for a paralegal in a Chapter 13 case is $35.00 per hour and that reasonable compensation for attorney time in a consumer Chapter 13 case is $100.00 per hour. This would yield a lodestar amount of $778.75. In addition, debtor's counsel expects to perform an additional 6.75 hours of services in this case consisting of reviewing the trustee's semiannual reports and related activities. At $100.00 per hour for the projected time, $675.00 should be added to the lodestar. The total lodestar amount calculated by multiplying reasonable hourly rate by actual time is $1,453.75 in this case.

Considering this lodestar amount in light of the factors enumerated in the *Johnson* decision, I conclude that total fees allowed for services rendered, and services projected to be rendered in connection with this case, should be limited to $950.00. Mr. Statmore is an experienced Chapter 13 bankruptcy practitioner who has filed hundreds of cases with the Bankruptcy Court for the District of Nebraska. The time he spent on this case and the time he projects to spend are unreasonable. The time devoted to particular tasks exceeds the amount reasonable or necessary for someone of his experience. The $1,750.00 flat fee is completely unreasonable.

Furthermore, the bankruptcy schedules and statement of affairs in this case have not been completed in a workmanlike and skilled manner. The information required to be completed on the forms is not all set forth. The Chapter 13 case itself is not complex. Debtor projects monthly income of $1,160.00, and there are only three (3) creditors. The plan does cure defaults on a mortgage and maintain debt service while the case is pending. Unsecured creditors will be paid $1,150.00 under the plan, which is the amount they would be paid in a Chapter 7 case. Thus, proposed payments to unsecured creditors are less than the proposed $1,750.00 attorney fee. There were no objections to claims. There were no objections to confirmation of the plan, and the original plan was confirmed. There were no motions to avoid liens under § 522(f). A motion for relief from stay was filed, but withdrawn, and there appear to be no novel or difficult questions of law in this case. The skill required to perform legal services in this case is no different than that required in any other Chapter 13 consumer case. The customary fee in Lincoln, Nebraska, in a consumer Chapter 13 case during the past year is about

$1,000.00. This case is less complex than the average case. I conclude that reasonable compensation in this case would be $700.00 at most, which represents a lodestar calculated at 7 hours of attorney time at $100.00 per hour. Paralegal time is included and could be substituted for the 7 hours of attorney time at the conversion rate of $35.00 per hour for paralegal time.

Interim compensation of $950.00 was allowed in this case at a preliminary hearing on compensation. However, having considered the circumstances in this case, I conclude that I should not disturb my interim order which was regarded as final when entered as to the amount then allowed.

The flat fee agreement for $1,750.00 in this case was unreasonable. Unfortunately, this case is not an isolated example, as flat fees in excess of $1,000 are routinely charged by a few Nebraska counsel. Those fee applications will not be allowed unless justified under the applicable legal standard on a case by case basis. Local Nebraska Rules dealing with Chapter 13 attorney fee applications are currently being revised. Chapter 13 fee applications will receive the same rigorous judicial review as do applications in other cases.

The Chapter 13 Standing Trustee and the United States Bankruptcy Trustee should be more diligent in Chapter 13 cases—they should monitor Chapter 13 attorney fees and make objections when appropriate.

A separate order will be entered consistent herewith.

## APPENDIX "A"

### NEBRASKA CHAPTER 13 CASES

### COMPENSATION OF DEBTOR'S COUNSEL

### 1988–1991

| YEAR | OMAHA | LINCOLN | NO. PLATTE | ALL |
|---|---|---|---|---|
| **1988 (2 Mos.)** | | | | |
| Average Fee | $ 745 | $ 706 | $1,365 | $ 765 |
| Minimum Fee | $ 100 | $ 300 | $1,000 | $ 100 |
| Maximum Fee | $3,500 | $1,230 | $2,500 | $3,500 |
| No. of Plans | 123 | 34 | 16 | 173 |
| **1989** | | | | |
| Average Fee | $ 771 | $ 881 | $1,359 | $ 822 |
| Minimum Fee | $ 32 | $ 300 | $ 300 | $ 32 |
| Maximum Fee | $3,250 | $4,000 | $4,000 | $4,000 |
| No. of Plans | 513 | 162 | 31 | 706 |
| **1990** | | | | |
| Average Fee | $ 954 | $ 958 | $1,160 | $ 964 |
| Minimum Fee | $ 150 | $ 245 | $ 300 | $ 150 |
| Maximum Fee | $3,094 | $2,750 | $3,000 | $3,094 |
| No. of Plans | 927 | 269 | 53 | 1,249 |
| **1991 (11 Mos.)** | | | | |
| Average Fee | $1,083 | $1,040 | $1,409 | $1,082 |
| Minimum Fee | $ 100 | $ 175 | $ 270 | $ 100 |
| Maximum Fee | $9,142 | $2,750 | $6,437 | $9,141 |
| No. of Plans | 873 | 266 | 28 | 1,127 |