In re Gary P. ORRIS, Linda L. Orris, dba Orris Construction/Soil Supply, Debtors.

In re Robert O. RAMSEY and Donna R. Winkler–Ramsey, husband and wife, Debtors.

In re Raymond and Kristi STRATTON, Debtors.

In re Cecilia S. SPRACKLIN, Debtor.

Bankruptcy Nos. 92–35604, 93–31676, 92–34171 and 93–31745.

United States Bankruptcy Court, W.D. Washington.

May 3, 1994.

Joyce E. Robson, Tacoma, WA, for debtors Orris.

William A. Abbott, Tacoma, WA, for debtors Ramsey.

David M. Howe, Tacoma, WA, Chapter 13 Trustee.

James F. Dart, Fircrest, WA, for debtors Stratton.

Steven R. Levy, Fife, WA, for debtor Spracklin.

## DECISION AND ORDER ON FEE REQUESTS

PHILIP H. BRANDT, Bankruptcy Judge.

In each of these Chapter 13 [1] cases, Debtor's counsel has, in conjunction with a substantive motion or application, requested attorney's fees after confirmation of a plan which provides for payment of fees, and within 120 days of a prior application.

The requests are:

| CASE | MOTION | FEES AND COSTS |
|---|---|---|
| Orris | Temporary Reduction of Plan Payments | $195.00 |
| Ramsey | Sale of Real Property and Moratorium | $120.00 |
| Stratton | Reduction in Plan Payments | $105.00 |
| Spracklin | Refund and Reduction in Payments | $ 50.00 |

I granted each of the motions, taking the fee requests under advisement.

## I. BACKGROUND

In this district, standard Chapter 13 practice includes the approval of original attorney's fees in the $700—$1,000 range, depending upon complexity of the case, in the Confirmation Order. The amount of original fees requested is specified in the Order and Notice For Meeting of Creditors ... [and] for Confirmation Hearing ... in each case.

1. Of the Bankruptcy Code, 11 U.S.C.: All chapter and section references are to the Bankruptcy Code, and all Rule references are to the Federal rules of Bankruptcy Procedure, unless otherwise indicated. The Local Bankruptcy Rules, W.D.Wash., are cited LBR.

Each of the applications here considered relates to services rendered in adjusting the Chapter 13 plans to accommodate the debtors' changing circumstances post-confirmation. As the practice has evolved in the Western District of Washington, Chapter 13 counsel customarily request fees on an incremental basis, in conjunction with whatever substantive motion or application is necessary, and without a separate or detailed fee application. The notices given to creditors of the motions usually specify the amounts requested, as in each request here considered.

## II. JURISDICTION

These are core proceedings, and this court has jurisdiction. 28 U.S.C. § 157(b)(2)(A); GR 7, Local Rules W.D.Wash.

## III. DISCUSSION

A. *Context:* By operation of § 103(a), the provisions of §§ 327–331 relating to the appointment and compensation of professionals apply in Chapter 13 cases. However, as noted by Judge Lundin:

> The manner and timing of payment of debtors' attorneys' fees in Chapter 13 cases varies dramatically from jurisdiction to jurisdiction.

Keith M. Lundin, *Chapter 13 Bankruptcy* § 4.17 at 4–13 (J. Wiley & Sons, 1992).

Although the pending applications do not so state, I assume the services for which compensation is requested are outside the scope of counsels' initial agreements with their debtor-clients, and therefore outside the scope of the confirmation orders' fee awards, which, absent contrary indication from counsel or the Chapter 13 Trustee, I take as covering all pre-confirmation services, including conferences with the debtor-clients, preparation of the schedules, statement of affairs, and Chapter 13 plan, and attendance at the Section 341 meeting and confirmation hearing (if necessary). See *In re Pearson,* 156 B.R. 713 (Bkrtcy.D.Mass. 1993) and cases cited at 716–717.

These applications for additional fees raise two problems. First, Section 331 provides: "... a debtor's attorney, ... may apply to the court not more than once every 120 days ... or more often if the court permits, ..." for compensation and reimbursement of expenses; and second, they are not made with the detail and representations called for in Rule 2016(a) and LBR 2016 (Appendices A and B, respectively). However, no one has objected, and I have no doubt that the work was done, the fees earned, and the costs incurred.

The applicants' arguments that enforcing a 120–day interval between interim fee applications in Chapter 13 cases is impractical and counter-productive are well articulated by Orris's counsel in her Memorandum:

> Chapter 13 Debtors often need additional services from their attorney after the initial filing and confirmation of their Plans. When a modification is necessary, the common practice in a Tacoma Chapter 13 case is for the Debtor to contact his or her attorney directly to communicate a request; the attorney consults with the Trustee to determine the feasibility of the Debtor's request; the attorney prepares a petition, setting a hearing when necessary, mails appropriate notices and documents to creditors, and gives notice of the request for interim fees.
>
> When interim fees are requested within a pleading, it is unnecessary for the Debtor's attorney to file a subsequent, costly additional fee request. Further, the Court can see on the face of the pleading the work that was performed; the Debtors understand from the face of the pleading the specific services that were performed by their attorney and the amount charged; and the Chapter 13 Trustee can monitor the fees requested in each pleading and make a recommendation to the Court as to the reasonableness of the fees.
>
> If the Court denies a request for attorney's fees made within 120 days of a prior fee approval, then the Debtor's attorney must follow-up after 120 days have passed and file a subsequent petition for fees. Filing a subsequent fee request causes the Court, the Chapter 13 Trustee and the Debtor's attorney to review the file and clarify when and why the fees were incurred. It also causes another hearing to be set. The Debtors will often be confused about the additional fees requested if the services were performed up to four (4) months prior. Most importantly, the

Debtors will be charged again by their attorney for the additional pleadings and hearing. In short, allowing fees in Chapter 13 cases on a petition by petition even if requested more frequently than every 120 days, will simplify Chapter 13 practice and be more economical for the Debtor and the Court.

The standing Chapter 13 Trustee in these cases concurs:

As Trustee, one of my functions is to review motions filed by Debtors' attorneys and to sign off on the proposed orders prior to their presentation to the Court. In every case, I specifically monitor the attorney fees requested with regard to the amounts and the timeliness of the distribution. I have objected to attorney fee requests in the past when I believed that the fees were unreasonable or would cause problems with the administration of the plan. In those cases, the attorneys would have the opportunity to present the orders, including fee requests, to the Court. Thus, a monitoring system for attorney fees is automatically set up as part of my duties as Chapter 13 Trustee.

Additionally, if attorney's fees are requested and ordered on a per petition bases, it would be easier and thus more economical for the Chapter 13 office to review the requests. The petition would explain the time expended by the attorney, and the petition would be filed at the same time that the work was performed. There would be less disruption in Chapter 13 plans for fees to be paid at the time that the work is performed rather than additional larger fees being requested on a 120 day frequency.

Affidavit of Chapter 13 Trustee, David M. Howe, in *Orris*, at 1 and 2.

The local practice creates no apparent prejudice to creditors: any creditor could have objected, either to the amount requested, or to the lack of the detailed information contemplated by Rule 2016(a) and LBR 2016. None did.

■ B. *Section 331:* The additional costs associated with separate applications for fees, and with the costs of separate noticing and court appearances, are compensable in this circuit, *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985). The additional notices and hearings would have an impact on the clerk's docketing workload and court's docket.

■ The economic circumstances of Chapter 13 debtors, and judicial economy, argue for exercising the discretion allowed by § 331 to permit applications for compensation more frequently than every 120 days, in conjunction with substantive applications or motions.

C. *Rules:* The detail requirements of Rule 2016(a) and LBR 2016 pertain to Chapter 13 applications, whatever their frequency, and present a more difficult question. The hard realities of the situations wherein these questions arise allay many of the concerns the rules are designed to address: the fees and costs requested relate directly to the underlying motions, are not large, and there is seldom much detail to be provided: beyond (presumably brief) conferences with the debtors and trustee, the motions and supporting paperwork disclose the work done. The requests are for payment from the Chapter 13 plans, which are generally the only source of compensation. The amounts are not so significant that they would likely be shared outside the law firms of the applicants. The opening clause of LBR 2016 gives me discretion to waive its detail requirements. But for Rule 2016, which grants no equivalent discretion, I would take such applications as representations that such inferences are correct, and approve them. Lacking that flexibility, review of the files and the negative reporting requirement set forth below will suffice.

■ To comply with the Rule, future applications must:

(1) set forth previous awards of compensation and costs;

(2) specify the amount of professional time expended;

(3) identify any professionals other than the applicant whose time is included (and in that event, allocate the time and specify billing rate(s));

(4) indicate the nature of the cost items; and

(5) make explicit the non-sharing of fees.

## IV. ORDER

The fee applications are conditionally AP-PROVED. Each applicant shall, within 20 days, notify the Trustee if any of the inferences drawn in the preceding section are incorrect. The Trustee is ORDERED to pay the fees and costs requested, for which no such notice is given, through the respective Chapter 13 plans.

## APPENDIX A

Rule 2016(a) provides:

*Application for Compensation or Reimbursement.* An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required.

## APPENDIX B

LBR 2016 elaborates on Rule 2016(a), specifying more detail:

Unless otherwise ordered by the court, an application for compensation for services and reimbursement of necessary expenses shall include the following:

(a) the date of entry of the order approving the applicant's employment;

(b) a statement, by date, of the amounts of compensation and reimbursement of expenses previously allowed and amounts paid;

(c) the source of payment for requested compensation and reimbursement of expenses;

(d) the amount of unencumbered funds in the estate;

(e) a narrative summary of the services provided, results obtained and benefit to the estate;

(f) an itemized time record of services for which an award of compensation is sought, including;

(1) the date the service was rendered;

(2) the identity of the person who performed the service and the hourly rate of such individual;

(3) a detailed description of the service rendered and the time spent performing the service;

(4) the total number of hours spent and the total amount of compensation requested;

(g) a statement for expenses, by category, for which reimbursement is sought. For extraordinary expenses, state:

(1) the date the expense was incurred;

(2) a description of the expense;

(3) the amount of the expense requested; and

(4) the necessity of the expense;

(h) Where compensation is sought by counsel for a trustee or debtor in possession, the application shall include a list of names and functions of all other professionals whose employment has been authorized in the case.

(i) In any case in which interim compensation is sought, the application shall include the following additional information:

(1) the financial condition of the estate with respect to payment of post-petition expenses, significant impediments to plan confirmation, and general prospects for reorganization.

(2) a projection of the applicant's future expenses and fees and the anticipated source of their payment;

(3) The status of the case, and the progress of the case toward closing or proposal

of a plan of reorganization. If a plan has been filed, the statement shall include a projected date for confirmation. If a plan has been confirmed, the statement shall describe what progress has been made toward consummation of the plan and what remains to be done to close the case;

(4) any other pertinent information that will assist the court in assessing the present status of, and future prospects for the estate.