**In re Thelma Marcella YATES, Debtor.**

**Bankruptcy No. 97–02126–M.**

United States Bankruptcy Court,
N.D. Oklahoma.

Feb. 12, 1998.

Robert A. Todd, Tulsa, OK, for Debtor.

**MEMORANDUM OPINION**

TERRENCE L. MICHAEL, Bankruptcy Judge.

THIS MATTER comes before the Court pursuant to the Application for Approval of Debtor's Attorney's Flat Fee, Request for Increase in Fees for Routine Chapter 13

Cases, and Request for Establishment of Fee Enhancement Guidelines in Non–Routine Chapter 13 Cases (the "Application"), and for consideration of confirmation of Debtor's Fourth Amended Chapter 13 Plan (the "Plan"). A hearing on the Application and confirmation of the Plan was held January 13, 1998. Debtor appeared by and through her attorney, Robert A. Todd. Also appearing was Lonnie D. Eck, Chapter 13 Trustee. At the hearing, the Court heard argument and received evidence regarding the Application. At the conclusion of the hearing, the Court took the matter under advisement. The following findings of fact and conclusions of law are made pursuant to Bankr.R. 7052 and Fed.R.Civ.P. 52.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[1] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a) and § 109(e). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (L).

### Findings of Fact

*Representation of Chapter 13 Debtors in General*

In the Application and in testimony, Mr. Todd provided detailed information regarding his Chapter 13 bankruptcy practice. Mr. Todd testified that his firm has the ability, on the initial interview with the debtor, to determine whether a case is "routine" or "non-routine." A "non-routine" case was described as a case where one or more of the following factors are present:

(1) The debtor is self-employed and/or the owner of a business;

(2) The debtor was involved in collection litigation, such as a foreclosure action, prior to the filing of the case;

(3) A sale of property outside the ordinary course of business is required;

(4) The debtor has significant problems related to taxes owed to governmental authorities;

(5) The debtor faces the prospect of litigating several contested matters over the life of the case;

(6) There is an issue regarding whether the case has been filed or the plan proposed in good faith; and

(7) The case involves more than thirty total creditors and/or more than six secured creditors.

Conversely, according to Mr. Todd, if none of these factors are present, the case is considered "routine." Additional time and effort on the part of debtor's counsel is required to achieve a successful reorganization in the "non-routine" case. Based upon his experience, Mr. Todd testified that "routine" Chapter 13 cases are marginally profitable, and "non-routine" cases are not at all profitable, if the fee award is limited to $1,300.00.

Mr. Todd testified that his firm does not keep detailed time records in most, if not all, cases. He suggests that if debtor's counsel are required to maintain detailed time records, the result will be "an even greater imbalance of fees [awarded] to costs [incurred]" than that which now exists. *Application*, p. 7. Mr. Todd also testified that his office is routinely required to perform significant additional tasks in Chapter 13 cases after confirmation without additional compensation. On that basis, Mr. Todd suggests that the fee for "routine" Chapter 13 cases be increased in this jurisdiction from $1,300.00 to an amount not less than $1,600.00.[2] Finally, Mr. Todd requests that the Court establish "guidelines" for allowing higher compensation in such "non-routine" cases. *Application*, p. 18. Mr. Todd suggests that if these guidelines are not followed, the Court will see a detrimental effect upon the "pool of competent Chapter 13 attorneys who will accept such [non-routine] cases." *Application*, p. 7.

*Facts of the Present Case*

This Chapter 13 bankruptcy case was filed on May 9, 1997 by Thelma Marcella Yates, Debtor herein. At all times since the filing of this case, Mr. Todd has served as counsel

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (West 1997).

2. The actual amount suggested by Mr. Todd for "routine" cases is $2,000.00.

for the Debtor. At the time the petition was filed, Mr. Todd filed the attorney statement of compensation required by Bankruptcy Rule 2016. *Docket No. 2.* Said statement showed that Mr. Todd had agreed to represent Debtor in this matter for a fee of $2,500.00, of which $1,000.00 was paid prior to the filing of the case, and the balance was to be paid pursuant to the terms and provisions of a plan, when the same was confirmed. *Docket No. 2.* Both of said amounts are in excess of the maximum which the Court has traditionally allowed without a fee application.[3] In addition to these amounts, the Rule 2016 Statement indicated that Debtor agreed to pay Mr. Todd at the rate of "$125.00 per hour for all contested matters, if any." *Id.*

Mr. Todd provided detailed testimony regarding the complexities present in this case. He noted that at the time this case was filed, Debtor had previously been a debtor in a Chapter 13 bankruptcy case before this Court which was dismissed for failure to make payments. In addition, two pieces of Debtor's real estate were in foreclosure, and Debtor had recently obtained new employment which made the completion of her plan problematic. As a result, Mr. Todd advised her that his fee in the case would be $2,500.00, and required a $1,000.00 payment prior to the filing of the case.

This case has involved litigation and effort over and above that which the Court has seen in "ordinary" Chapter 13 cases. Mr. Todd has sought and obtained authority for the Debtor to sell property outside the ordinary course of business, has avoided certain liens, has negotiated and/or litigated issues regarding relief from the automatic stay and has been required to file five separate Chapter 13 plans. On that basis, Mr. Todd seeks approval of fees in this matter of $2,500, and approval of the initial payment of $1,000 made by Debtor to Mr. Todd `prior to the filing of this case.

**3.** This judge took the bench on June 9, 1997. Prior to that time, the Court had established a maximum rate of compensation in Chapter 13 cases of $1,300.00, absent a fee application which complied with the requirements of Bankruptcy Rule 2016. In addition, this judge has,

*Confirmation of the Fourth Amended Plan*

The Court has reviewed the Plan, filed December 23, 1997. A copy of the Plan and notice of the January 13, 1998, hearing on confirmation of the Plan was properly sent to all creditors and parties in interest by counsel for the Debtor. No objections were filed to the confirmation of the Plan. Based upon the Court's review of the Plan and the supporting documentation and statements regarding confirmation made by Mr. Eck, the Plan appears to be confirmable except for the issue of the fees to be paid to Mr. Todd.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

### Conclusions of Law

 As a general rule in bankruptcy cases, the lodestar method, namely number of hours expended times customary hourly rate, is used to determine attorney fees. *Feinberg v. Hibernia Corp.,* 966 F.Supp. 442, 451 (E.D.La.1997). The lodestar figure may be adjusted up or down depending on various factors. *Id.* The leading case regarding adjustment of the lodestar figure outlined twelve factors to be used to determine a reasonable attorney fee. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974) (hereafter *"Johnson"*). The Tenth Circuit has adopted the *Johnson* factors in deciding the reasonableness of attorney fees. *In the Matter of Permian Anchor Services, Inc.,* 649 F.2d 763, 768 (10th Cir.1981)(citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974)(overruled on other grounds); also commenting that "nearly identical guidelines have been adopted by the American Bar Association Code of Professional Responsibility, DR–106," citing cf. *Salone v. United States,* 645 F.2d 875 (10th Cir.1981) and *Battle v. Anderson,* 614 F.2d 251 (10th Cir.1980)).

unless a special showing has been made, limited the amount of "up-front" fees a debtor's attorney may take to $500.00, and required the balance to be paid over a period of not less than eight months.

■ This Court has previously established the standards it will use as it determines the allowance of professional fees under § 330(a) of the Bankruptcy Code:

> In the eyes of this Court, determination of professional fees allowable under § 330(a) entails a three step process: "(1) is the billed service compensable; (2) was the service actual and necessary; and (3) is the billed amount reasonable considering the nature, extent and value of such services." *In re Cascade Oil Co.,* 126 B.R. 99, 103 (D.Kan.1991) (citing *In re S.T.N. Enterprises, Inc.,* 70 B.R. 823, 832 (Bankr.D.Vt. 1987)).

*In re Reconversion Technologies, Inc.,* 216 B.R. 46, 54–55 (Bankr.N.D.Okla.1997) (hereafter *"Reconversion"*). Although *Reconversion* was a Chapter 11 case, the principles advanced therein are equally applicable in Chapter 13 cases.

*Duty of the Court to Review Fee Applications*

■ A bankruptcy court has an independent duty to review all requests for fees to determine their allowability under § 330 of the Bankruptcy Code, even if no party in interest objects to the fees.

> Beyond possessing the power, we think the bankruptcy court has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee ("UST"), creditors, or any other interested party, a duty which the Code does not expressly lay out but which we believe derives from the court's inherent obligation to monitor the debtor's estate and serve the public interest.

*In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 841 (3d Cir.1994) (citations omitted); *see also In re Evans,* 153 B.R. 960, 968 (Bankr.E.D.Pa.1993). This is especially true in Chapter 13 cases, where neither debtors nor most creditors have an incentive to object to fees. From the point of view of the debtor, the amount to be paid under the plan is fixed at confirmation, and it is of no real consequence to the debtor whether the money is paid to the attorney or the creditors. In addition, there is little or no economic incentive for most creditors in Chapter 13

cases to object to fees; the cost of the objection will likely exceed any additional distribution they may receive. *In re Copeland,* 154 B.R. 693, 697–698 (Bankr.W.D.Mich.1993).

*"Flat" or "Reasonable" Fees in Chapter 13 Cases*

■ Use of the lodestar method to calculate attorneys' fees is not always required. Section 330(a)(4)(B) of the Bankruptcy Code provides as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

§ 330(a)(4)(B). Under the guise of this section, and often out of necessity borne of a voluminous Chapter 13 docket, bankruptcy courts have allowed fees in Chapter 13 cases without requiring the detailed fee application contemplated by Bankruptcy Rule 2016. *See, e.g., In re Shamburger,* 189 B.R. 965, 970 (Bankr.N.D.Ala.1995) ("A lodestar analysis in every case simply will not work in a district where about 90% of cases pending at any given time are chapter 13 cases."). Many courts, either by practice or local rule, have established a "flat fee" maximum which they will award without the necessity of a detailed fee application. *See, e.g. In re Pearson,* 156 B.R. 713 (Bankr.D.Mass.1993) ($750—$1,000); *In re Zwern,* 181 B.R. 80 (Bankr.D.Colo.1995) ($1,000); *General Order Regarding Chapter 13 Plans,* United States Bankruptcy Court for the District of Nebraska, December 22, 1992 ($1,000); Local Rule of Practice for the United States Bankruptcy Court for the Western District of Missouri 2016–1.B ($1,000); *In re Watkins,* 189 B.R. 823 (Bankr.N.D.Ala.1995) (sliding scale based upon amount of debt involved in the case); *In re Atwell,* 148 B.R. 483 (Bankr.W.D.Ky. 1993) ($875); *In re Copeland,* 154 B.R. 693 (Bankr.W.D.Mich.1993) ($1,000); *In re Orris,* 166 B.R. 935, 937 (Bankr.W.D.Wash.1994) ($750—$1,000). Such a procedure has not met with universal approval. One court of appeals has ruled that it is an inherent abuse of discretion for a bankruptcy court to allow

fees using anything other than a lodestar analysis, and that the allowance of "flat" or "customary" fees is error *per se*. *In re Boddy*, 950 F.2d 334 (6th Cir.1991). In addition, at least one bankruptcy court has ruled that counsel for Chapter 13 debtors must keep detailed time records in **all** cases. *See In re Malewicki*, 142 B.R. 353, 356 (Bankr. D.Neb.1992) (counsel must keep time records in all cases in order to establish reasonableness of fee in the event a dispute arises regarding same).

Courts which permit "flat" or "customary" fees to be awarded without a detailed fee application are quick to note that the flat fee is designed to be the **maximum** fee which will be allowed without the submission of the detailed statements of time and rate contemplated by Bankruptcy Rule 2016, and not a **minimum** fee to be awarded in all cases. The use of "flat" or "customary" fees does not relieve the bankruptcy court of its statutory duty to review the fees incurred to determine their reasonableness. One court has explained the process in the following manner:

> The court reviews every chapter 13 file prior to confirmation to ascertain if the proposed plan is workable and the attorney's fees requested meet § 330's requirement of "reasonable compensation for actual and necessary services." The Western District of Michigan's Local Bankruptcy Rule 14 as well as this District's practice does not require that requests for chapter 13 attorneys fees up to $1,000 be accompanied by supporting documentation. Unfortunately and despite this court's repeated pronouncements both oral and written to the contrary, *see In re Bush*, 131 B.R. 364, 367 (Bankr. W.D.Mich.1991), this has resulted in the misguided notion that an attorney may receive compensation of $1,000 for filing a chapter 13 petition regardless of the quality or quantity of legal work involved. A number of lawyers, the Debt Relief Legal

Clinic among them, have adopted a practice of requesting $1,000 in fees in virtually every case filed.

*In re Copeland*, 154 B.R. at 700. It appears that in this district, as in Michigan, the maximum amount that the Court will award without a detailed fee application has become the "going rate" for Chapter 13 representation, regardless of the complexity of the case.[4]

### The Application

The Application raises two issues for the Court's consideration. First, should the Court increase the amount of fees which will be awarded to counsel for Chapter 13 debtors without the necessity of the detailed fee application contemplated by Bankruptcy Rule 2016? Second, should the Court create a "sliding scale" for awarding compensation to counsel for Chapter 13 debtors based upon counsel's assessment of the complexity of the particular case, also without the necessity of the detailed fee application contemplated by Bankruptcy Rule 2016? The Court answers both questions in the negative.

The Application has caused the Court to review in its entirety the method by which fees are awarded to counsel for the debtors in Chapter 13 cases. This Court is aware of little justification for the $1,300 "flat fee" beyond its place in history. Having come to the bench from another part of the country, this judge brought with him no personal experience with regard to the reasonable and customary fees for Chapter 13 debtor's counsel in this district. To date, the only fee applications submitted to this Court have been in cases where counsel sought fees in excess of $1,300. In each case where the Court received documentation in compliance with Bankruptcy Rule 2016, the fee requested was allowed. The Court simply has neither the personal experience nor the empirical evidence to make a determination that counsel for debtors in a "routine" Chapter 13 case is entitled to compensation in excess of $1,300.

---

**4.** On its February 3, 1998, chapter 13 docket, this Court had 16 cases set for their first confirmation hearing. In those 16 cases, no fee applications which contain the detailed time and rate information contemplated by Bankruptcy Rule 2016 have been filed. **In 13 of the 16 cases**, debtors' counsel has requested $1,300, the maximum which this Court has awarded without an application. In one case, the amount sought is $1,200, in another, $1,000, and in the remaining case, $1,450. The Court believes that the February 3, 1998, docket is typical. This fact makes it seem unlikely that debtors are "shopping the market" and seeking representation on the basis of the fees charged, as argued by counsel in the Application.

■ This Court will respect and honor the determination of its predecessors that the $1,300 figure is proper and correct, and will not lower the same at this time. However, this Court believes that the concern raised by Judge Stevenson regarding routine requests for maximum fees allowed without a detailed application, regardless of the complexity of the case or the quality of legal work is well founded, and is an issue in this district. *See In re Copeland,* 154 B.R. at 700. The fact that a fee application is not required where counsel seeks less than $1,300 does not mean that a $1,300 fee is justified in all cases.

■ In the future, the Court will continue to review the fees sought in each and every Chapter 13 case in order to determine their reasonableness, and will raise the issue of reasonableness when necessary on its own motion. The Court also expects the office of the United States Trustee and/or Chapter 13 Trustee to file objections to fee applications where appropriate as authorized by 28 U.S.C. § 586(a)(3)(A)(ii) (West 1998), regardless of whether those applications seek a "flat" fee or compensation at an hourly rate. Counsel who seek compensation on a "flat fee" basis should be prepared to address any concerns of the Court, and to explain how the services rendered justify the fee sought. Where the Court has concerns, or an objection is filed, counsel will be given an opportunity to present whatever evidence they may deem necessary to allow the Court to fully consider the fee award, and will be given additional time to prepare for such a hearing, if requested. In those cases, time records, though not required, may be of great assistance in persuading the Court that the fees sought are reasonable. *See In re Malewicki,* 142 B.R. at 356.

■ This Court declines to establish a "sliding scale" for the awarding of fees in Chapter 13 cases without the necessity of a detailed fee application. The Court does not agree that the requirement of maintaining time records in cases where counsel seeks fees in excess of $1,300 is unreasonable.[5] In addition, and most importantly, it is the **duty** of this Court under § 330 of the Bankruptcy Code to determine whether fees are reasonable and necessary. Were the Court to allow counsel to make this determination based upon his or her assessment of the complexity of the case, the Court would be delegating its duty to review the reasonableness of fees to counsel for the debtors. This would be highly improper.

■ This Court firmly believes that appropriate fees "must be fair, neither so high that the *res* the proceeding is designed to protect is consumed, nor so parsimonious as to discourage the active participation of competent counsel." *In re Lafayette Radio Electronics Corp.,* 16 B.R. 360, 362 (Bankr. E.D.N.Y.1982) (citing *In re Farrington Mfg. Co.,* 540 F.2d 653 (4th Cir.1976)). This Court wants debtors in Chapter 13 cases to receive the best representation possible, and for the attorneys who represent those debtors to be fairly and adequately compensated. If counsel for debtors in Chapter 13 cases provide the Court with empirical evidence (i.e., file fee applications in accordance with Bankruptcy Rule 2016) to establish that representation of debtors in the "routine" Chapter 13 case results in reasonable fees and expenses in excess of $1,300, the Court will consider an adjustment in the $1,300 figure. Similarly, counsel are encouraged to file fee applications in any and every case which they deem to be "non-routine." Those applications will be given due consideration, and where appropriate, the fees requested will be awarded.

■ The Court does not doubt the complexity of the present case as stated by Mr. Todd, nor does it question his expertise or the efforts undertaken. Unfortunately, the Court has no information regarding the hours worked and the tasks performed. Ab-

---

**5.** Mr. Todd admitted that his office was able to identify "non-routine" cases at the time of the initial interview with the client. The ability to make such a determination at the inception of the case will allow counsel to keep time records in the "non-routine" cases and file the detailed fee application contemplated by Bankruptcy Rule 2016 only in such cases. With the advent of law office management computer software, relatively inexpensive "time-sheet" software is available to greatly simplify and streamline the required record keeping. Mr. Todd's Rule 2016 Statement, which indicated his intention to charge Debtor at an hourly rate for representation in "contested matters, if any," indicates that his office currently has the ability to keep such records.

sent the same, the Court is unable under the operative provisions of the Bankruptcy Code to award fees in excess of $1,300. Should Mr. Todd desire to submit a detailed fee application, in this or any other case, the Court will consider an award of fees in excess of $1,300. On the record before it, the Court awards the maximum "flat" fee of $1,300 to Mr. Todd. The Court also approves the $1,000 retainer paid to Mr. Todd by Debtor prior to the filing of this case.

*Confirmation*

The Court has reviewed the Plan, and the supporting documentation contained in the file, including the schedules of assets and liabilities, and the statement of income and expenses submitted by the Debtor. No objections to confirmation of the Plan have been timely filed. Other than the amount of fees to be paid thereunder, the Plan is confirmable. The Court will consider confirmation of an amended plan which allows fees to Mr. Todd in the amount of $1,300, or in the alternative, will consider confirmation of the Plan should Mr. Todd file an appropriate fee application. The Court will allow 21 days for either of these options to be exercised.